
FILED Rec'd 12/13/12
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 1 1 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARCUS CREVELLE,

        Plaintiff,

-against-

UNITED STATES MARSHALS, agent of the
United States Government; BARACK H.
OBAMA, et al.,

        Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
12 CV 5873 (ENV)

VITALIANO, D.J.,

    Plaintiff Marcus Crevelle was incarcerated at Rikers Island Correctional Facility at the time he filed the instant *pro se* action. He makes his claim under 42 U.S.C. § 1983, alleging false arrest and false imprisonment. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for the purpose of this order. For the reasons discussed below, the complaint is dismissed, but plaintiff is granted leave to submit an amended complaint.

### Background

    Plaintiff alleges that he was first arrested by the United States Marshal Service in New Jersey and held on a "false fugitive warrant." Complaint at 3 ¶ D. Plaintiff further alleges that on November 9, 2012, he was arrested "on the same false charge and a mistake in identity." Id. Plaintiff seeks monetary damages and release from incarceration.

### Standard of Review

    Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28

U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983 and alleges claims of false and false imprisonment. It is well-settled that a § 1983 claim does not lie against the federal government, its agencies, or employees. See Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.4 (2d Cir. 1991) (holding that an action brought pursuant to § 1983 cannot lie against federal officers). Section 1983 creates a cause of action against persons, or other entities, who violate

one's constitutional rights under color of state law. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). The federal government does not act under color of state law. Accordingly, to the extent that plaintiff asserts § 1983 claims against defendants, they must be dismissed.

However, in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. Bivens actions, although not precisely parallel, are the federal analog to § 1983 actions against state actors. See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987). Accordingly, affording plaintiff the deference to which he is entitled as a *pro se* litigant, his complaint will be construed as a Bivens action.

At the outset, the Court notes that sovereign immunity precludes plaintiff's claims against the President in his official capacity. Brown v. Obama, No. 10 Civ. 6426, 2011 WL 2207569, at *1-2 (S.D.N.Y. May 31, 2011). Were plaintiff to bring this action against the United States and against the President in his individual capacity, it would likewise be dismissed, as the President "is entitled to absolute immunity from damages liability predicated on his official acts." Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982). Accordingly, plaintiff's claim against President Obama is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

In the relief section of the complaint plaintiff states that the sole relief that he is seeking is release from incarceration.[1] Complaint at 5 ¶ V. Accordingly, plaintiff's release from custody

---

[1] The Court takes judicial notice that plaintiff identified by his book and case number-8951201461-was released from custody on November 21, 2012. See http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf (Last visited November 29, 2012). To date, plaintiff has failed to update the Court with his current address.
"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07 CV 5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5

3

renders this relief moot. However, in the body of plaintiff's complaint he states that he is seeking monetary damages. Complaint at 3 ¶ D. To the extent, that plaintiff is seeking monetary damages against the United States Marshal Service for false arrest and imprisonment his complaint as presently pled is deficient.

## Leave to Amend

In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given leave until January 15, 2013, to file an amended complaint in order to name or describe proper defendants. Plaintiff is advised that as a prerequisite to a damage award, he must allege each defendant's direct or personal involvement in the alleged constitutional deprivation. Therefore, plaintiff must allege facts in the statement of claim demonstrating the personal involvement of each defendant named or described in the Amended Complaint. If plaintiff cannot identify the individual defendant(s) he may designate the individual as John Doe, along with descriptive information, for example, the office or unit where each defendant was stationed.

No leave is granted to file a Bivens claim against the United States Marshal Service, since Bivens claims do not lie against government agencies.[2] Nor is plaintiff granted leave to amend his

---

(S.D.N.Y. Nov. 20, 1996)); see also Ackridge v. Martinez, No. 09 Civ. 10400, 2011 WL 5865265, at *3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address.").

[2] Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 483–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (Bivens does not imply cause of action against the federal government or its agencies); Platsky v. Central Intelligence Agency, 953 F.2d 26, 28 (2d Cir.1991); Mack v. United States, 814 F.2d 120, 122–23 (2d Cir.1987) (Bivens actions against the United States are routinely dismissed for lack of subject matter jurisdiction) (citing Keene v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983)).

claims against President Barack Obama; the claims are frivolous on their face.

Plaintiff is further informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important for plaintiff to include in the amended complaint all necessary information that was included in the original complaint.

## Conclusion

Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). If plaintiff elects to file an amended complaint, it must be captioned as an "Amended Complaint," and bear the same docket number as this Order and be filed on or before January 15, 2013.

All further proceedings shall be stayed until plaintiff has complied with this order. If plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this action without prejudice shall be entered and the case shall be closed.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
December 11, 2012